PHŒBE CARTER *v.* JAMES MONETTI.

A patent from the United States for a part of their public lands is conclusive, unless attacked for error or fraud.

APPEAL from the District Court of Madison, *Curry*, J.

*Copley*, for the appellant.

*Stockton*, for the defendant.

BULLARD, J. The plaintiff alleges, that she is the legal owner of fractional section No. 1, in township 16, of range No. 12 east, on the Roundaway bayou, in the parish of Madison. That she acquired title thereto by pre-emption and entry at the Land Office at Monroe, Louisiana, but that in the duplicate receipt in her favor, the officers at the Land Office inserted by mistake that it was in range *thirteen*, instead of *twelve*. She represents, that one

James Monetti has possession of a part, and claims to be owner of the whole. She asks for judgment, and to be decreed to be the just and true proprietor, and for two thousand dollars damages.

James Monetti, the original defendant, disclaims title in himself, but alleges, that he holds possession for John W. Monetti, who, he asserts, is the real owner of the lot of land claimed by the plaintiff.

John W. Monetti thereupon makes himself a party, denies the title of the plaintiff, and avers, that he is the only just and true proprietor of the lot in controversy.

After a trial upon the merits, there was a judgment for the defendant, adjudging the land to belong to him, and the plaintiff appealed.

The defendant gave in evidence, as proof of his title, two patents from the United States, the one dated the 28th of July, 1840, in his favor, for the *east* half of lot No. 1, in township 16, of range 12 east, containing seventy acres and forty-two and a half hundredths, and the other dated January 12, 1841, for the *west* half of the same lot, containing the same quantity.

These patents cover the *locus in quo*, and are conclusive, in our opinion, upon the question of title between the parties. In the case of *Lott and others* v. *Prudhomme and another*, decided at the last term at this place, (3 Robinson, 293,) we held, that in an action at law, the patent from the United States for a part of their public lands is conclusive, unless attacked for error or fraud. 13 Peters, 493.

The plaintiff, however, contends, that the patents were issued in fraud of her rights as a pre-emptioner. Even admitting, that this is the proper form, as well as *forum*, in which the plaintiff might seek to avoid the patents issued to the defendants, it does not appear to us, that she has shown such evidence of right as entitles her to complain. Her claim was, at best, but inchoate—never finally recognized by those officers, who alone were competent to decide upon pre-emption claims; and until her claim has been acted upon and confirmed, she cannot successfully oppose it to a patent issued for the land in controversy.

*Judgment affirmed.*